UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNA N. HEARNDON,

    Plaintiff,

v.                                      Case No: 6:19-cv-141-Orl-37TBS

MELODY A. HEARNDON, MARVIN D.
HEARNDON and JESSE D.
HEARNDON,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion to Compel Disclosure (Doc. 38). Defendants oppose the motion (Doc. 40).

### Background

As summarized by Judge Dalton in an earlier Order (Doc. 34), this interpleader action is about the parties' competing claims to decedent Joshua Hearndon's ("Insured") $400,000 death benefit. Prudential Insurance Company of America, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides group life insurance to the Department of Veterans Affairs of the United States (Doc. 1, ¶ 9). On August 23, 2006, the Insured submitted a form designating his family members, Marvin D. Hearndon, Melody A. Hearndon, and Jesse D. Hearndon ("Defendants"), as the co-equal primary beneficiaries of the death benefit. (Id. ¶ 11). The Insured died in Florida on March 3, 2018 (Doc. 1-4, p. 2). Jenna Hearndon, the Insured's widow ("Plaintiff"), notified OSGLI of the Insured's death, and the death benefit became due (Doc. 1, ¶¶ 14-15).

Plaintiff claimed the death benefit, but Prudential informed her that the Insured had

not listed her as a beneficiary (Id. ¶¶ 20-21). In accordance with the 2006 Designation, OSGLI invited claims from Defendants, but Plaintiff protested, providing forms from September 30, 2014 and December 4, 2016 (collectively, the "Hearndon Forms") to support her contention that the Insured had designated her as the sole beneficiary after they were married (Id. ¶¶ 23). Prudential contacted the Insured's local OSGLI branch to inquire about the veracity of the Hearndon Forms, but the office could not make a definitive determination as to whether it had received them (Id. ¶ 24).

Faced with the competing claims, Prudential initiated this suit (Doc. 1), deposited the death benefit with the Court, and was discharged (Doc. 34). The case continues with the parties realigned, and Defendants have counterclaimed (Doc. 37), alleging, among other things, that the Hearndon Forms are fraudulent and forged, or, if not forged, that the Insured acted under Plaintiff's undue influence (Id. ¶¶ 25-27).

Plaintiff complains that Defendants' FED. R. CIV. P. 26 initial disclosures are inadequate. She seeks an order requiring Defendants to complete and tender adequate mandatory initial disclosures and an award of her attorney's fees for having to file this motion. Defendants argue that their disclosures are adequate, and they also seek costs.

## Discussion

Under Federal Rule 26(a)(1)(A)(i) and (ii):

> [A]a party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of **each individual** likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> (ii) a copy--or a description by category and location--of all
> documents, electronically stored information, and tangible
> things that the disclosing party has in its possession, custody,
> or control and may use to support its claims or defenses,
> unless the use would be solely for impeachment; …

F̲ED. R. C̲IV. P. 26(a)(1)(A) (emphasis added). The rule is enforced through F̲ED. R. C̲IV. P. 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Further, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions...." Frierson v. Atlanta Indep. Sch. Sys., 22 F. Supp. 3d 1264, 1283-4 (N.D. Ga. 2014), citing F̲ED.R.C̲IV.P. 37(c)(1). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. Id.

In their disclosures, Defendants list eighteen witnesses. The subject of each of the witnesses' discoverable information is exactly the same:

> The following witnesses will testify regarding liability,
> sustained damages, economic losses, medical (physical and
> mental) condition of decedent, Joshua Hearndon, and facts
> contained in Defendants, Marvin Dale Hearndon, Melody A.
> Hearndon and Jesse D. Hearndon Answer to Complaint and
> Crossclaim, and other pleadings and will offer evidence in
> support of Defendants' claims for the entire insurance
> proceeds and death benefits, attorneys' fees, costs and
> prejudgment interest and facts in opposition to Plaintiff, Jenna
> N. Hearndon's claims for any monetary or other relief.

Plaintiff contends that these initial witness disclosures are deficient because they fail to identify the discoverable information each witness may have. Defendants counter

that "the rule does not specify that a party must set forth a separate statement as to each witness" and claim that their disclosures are adequate because "Plaintiff knows and describes testimony of these witnesses whom she lists on her own disclosure" (Doc. 40 at 2, 5).

It is not sufficient for a party to "merely state that a person may have discoverable information with regard to issue 'X,' (e.g., age discrimination). [A party] must provide *a general description of the information each individual could provide*." Hawthorne v. Baptist Hosp., Inc., 3:08CV154/MCR/MD, 2008 WL 4826112, at *2 (N.D. Fla. Nov. 4, 2008) (emphasis original). As Judge Pizzo found in similar circumstances:

> Rule 26(a)(1)(A)(i) requires that each party disclose the names and contact information of individuals likely to have discoverable information that the disclosing party might utilize, "along with the subjects of that information." When making these types of disclosures, it is not enough to say that a witness has information regarding an issue raised in the case. Hawthorne v. Baptist Hosp., Inc., 3:08CV154/MCR/MD, 2008 WL 4826112 at *2 (N.D. Fla. Nov. 4, 2008). Defendants' witness disclosure fails to meet this obligation because it fails to describe, in any discernible manner, the information possessed by each individual.

Regions Bank v. Kaplan, 8:12-CV-1837-T-17MAP, 2013 WL 12341085, at *1 (M.D. Fla. May 7, 2013). Defendants' assertion that Plaintiff knows who these people are and listed them in her own Rule 26 disclosures is unavailing. Plaintiff is entitled to know the subjects of the information these individuals have that *Defendants* might utilize. Defendants must supplement their initial disclosures to include more specific descriptions of the information each listed individual possesses.

Defendants' document disclosures are equally deficient. Defendants' exhibit list includes for example: "Any and all medical records, military records, employment records or other documents introduced by Defendants into evidence listed herein" and "Any and

all records, reports, claims information, etc. pertaining to decedent, Joshua Hearndon discovered and disclosed by Defendants." The descriptions provided are so broad and vague as to be meaningless. "Should a party elect to describe, rather than copy, its tangible information, the items' description must be specific enough to allow opposing parties the ability to direct their discovery efforts." Regions Bank, supra, 2013 WL12341085 at *1 (finding disclosure list of "checks, statements, promissory notes and correspondence" to be inadequate). Defendants must either provide Plaintiff with copies of the items listed in their disclosures or *specifically* describe them so that Plaintiff can direct its discovery efforts appropriately.

Plaintiff also objects to much of the boilerplate and other "surplus" information Defendants include in their disclosures, particularly on pages 4 and 5. The objection is well taken. These statements should be excluded from Defendants' amended disclosures.

Now, Plaintiff's motion is **GRANTED.** Defendants have fourteen days from the date of this Order in which to serve their amended Rule 26 initial disclosures that fully comply with Rule 26 and this Order.

Plaintiff seeks her reasonable attorney's fees incurred in pursuing the motion to compel. When a court grants a motion to compel, or if the discovery is provided after the motion is filed, the moving party is entitled to recover its reasonable expenses in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply and an award of attorney's fees to Plaintiff is appropriate.

Plaintiff shall recover from Defendants her reasonable legal expenses for bringing the motion to compel. Plaintiff has 14 days from the rendition of this Order to file her application for fees and costs and then Defendants will have 14 days to respond. The parties may avoid this process by resolving this matter between themselves and filing a notice of resolution within the next 14 days.

**DONE** and **ORDERED** in Orlando, Florida on June 11, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record